UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

ACTORS' EQUITY ASSOCIATION,

                              Petitioner,

-v-

PARADISE SQUARE PRODUCTION SERVICES INC.,

                              Respondent.

22 Civ. 7325 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Petitioner Actors' Equity Association ("AEA") seeks confirmation of an arbitral award (the "Award") pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Dkt. 4 ("Petition"). After respondent Paradise Square Production Services Inc. ("Paradise") did not respond to the petition or otherwise appear in this action, the Court issued an order stating that it would treat AEA's petition as a motion for summary judgment, granting AEA the opportunity to submit additional supporting materials, and setting a deadline for Paradise's opposition, if any. Dkt. 9. Now before the Court is AEA's unopposed motion for summary judgment. Dkts. 14, 15 ("Mot."). For the following reasons, the Court grants the motion, confirms the Award, and awards judgment in the amount of $242,708.41, plus interest.

## I.     Background

### A.     Factual Background[1]

#### 1.     The Agreement

AEA is a collective bargaining representative of actors and stage managers in the entertainment industry. Petition ¶ 5. AEA and The Broadway League, on behalf of its producer members, are parties to a collective bargaining agreement (the "Contract") that sets out the terms and conditions of employment for actors and stage managers in Broadway shows, as well as an agreement (the "Safety Protocols") as to terms and conditions of employment during the COVID-19 pandemic. *Id.* ¶¶ 7–10; *see also* Dkt. 16-1 ("Contract"). The Contract provides that "any dispute . . . relating to the interpretation or application of the Collective Bargaining Agreement between [AEA] and [The Broadway League] shall be submitted to the Grievance Committee . . . and, if not decided by the Grievance Committee, may be submitted to arbitration," with certain disputes subject to expeditious arbitration. Contract at 10; *see also id.* at 11–13. The Contract designates seven arbitrators, including Howard Edelman, to hear disputes arising thereunder. *Id.* at 11. Under the Contract, any arbitration hearing may proceed even if one party fails to attend the hearing, and the ensuing arbitral award "shall be final and binding on all parties." *Id.* at 13. The Contract's term began on September 30, 2019 and ended on September 25, 2022. *Id.* at 135.

---

[1] The Court's account of the underlying facts of this case is drawn from AEA's petition to confirm the arbitral award, Dkt. 4 ("Petition") and materials supporting its motion for summary judgment, including the Contract, Dkt. 16-1 ("Contract"), and the July 29, 2022 Award, Dkt. 17-4 ("Award").

2

Paradise is operated by producer Bernard Abrams and is a member of The Broadway League. Petition ¶¶ 24–25. Between April 3, 2022 and July 17, 2022, Paradise presented a Broadway show called *Paradise Square*. *Id.* ¶ 24.

### 2. Arbitration Proceedings

On March 24, 2022, AEA filed a grievance with The Broadway League and Paradise regarding Paradise's alleged failure to comply with certain dues, benefits, and salary obligations under the Contract. *Id.* ¶ 26; *see also* Dkt. 16-4. On May 24, 2022, after the parties agreed to expedited arbitration, AEA and Paradise signed a settlement agreement to resolve the grievance, and arbitrator Edelman issued a consent award. Petition ¶¶ 28–29; *see also* Dkt. 16-6.

On July 1, 2022, AEA submitted 14 grievances, alleging that Paradise had disregarded its obligations under the May 24, 2022 award and continued to violate the Contract. Petition ¶ 30; *see also* Dkt. 16-7. On July 13, 2022, after a remote hearing before Edelman, AEA proposed, and Paradise's general manager approved, a joint submission on damages for an interim consent award of $242,708.41. Petition ¶¶ 31–35; *see also* Dkts. 17-2, 17-3. On July 29, 2022, Edelman issued the Award, which awarded $242,708.41 in damages based on various violations by Paradise of the Contract and Safety Protocols. These included its failures, *inter alia*, to properly remit dues deductions, benefit contributions, and salary deferrals, compensate AEA for creating a cast album, and pay out an employee's sick leave accrual. Petition ¶¶ 38, 40; *see also* Award. Edelman noted that the parties had been unable to execute a consent award, leading AEA to request that he issue the Award based on the evidence and arguments submitted. Award at 2.

To date, Paradise has not complied with or made payments in accordance with the Award. Petition ¶ 41.

### B. Procedural History

On August 30, 2022, AEA filed the Petition to confirm the Award. Dkt. 4. On September 12, 2022, AEA filed an affidavit of service, indicating that Paradise was served on September 7, 2022. Dkt. 8. On October 4, 2022, after Paradise had not responded to the Petition or otherwise appeared, the Court issued an order stating that it would treat the Petition as a motion for summary judgment and setting deadlines for AEA to submit additional supporting materials and Paradise to oppose. Dkt. 9. On October 18, 2022, AEA filed an affidavit of service of the Court's October 4, 2022 order and later extension of deadlines on Paradise. Dkt. 13.

On October 27, 2022, AEA moved for summary judgment, Dkt. 14, filing a memorandum of law, Dkt. 15, declarations, Dkts. 16, 17, and Rule 56.1 statement, Dkt. 18, in support. Paradise still has not appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). "The FAA provides a 'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations omitted). In

4

this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an arbitration panel's decision great deference.").

"A court's review of an arbitration award is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Loc. 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; and *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the nonmoving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). And in determining whether there are genuine issues of material fact, the Court is

"required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Vt. Teddy Bear Co.*, 373 F.3d at 244 (emphasis in original) (citation omitted).

### B. Analysis

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as AEA has shown that there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted by the parties, found that Paradise had violated various provisions of the Contract and Safety Protocols, and provided a basis for the damages awarded. *See* Award at 3–7. Moreover, while Paradise did not sign the proposed consent award, its general manager approved the joint submission to Edelman. *See* Dkts. 17-2, 17-3. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," *Landy Michaels Realty Corp.*, 954 F.2d at 797 (citation omitted). Accordingly, the Court confirms the Award in favor of AEA for a total amount of $242,708.41, plus interest in accordance with the Award. *See* Award at 4–7.

Under 28 U.S.C. § 1961, awards of post-judgment interest in civil cases are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). In particular, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the foregoing reasons, the Court grants AEA's motion, confirms the Award, and issues judgment in the amount of $242,708.41, plus interest in accordance with the Award and post-judgment interest pursuant to 28 U.S.C. § 1961(a).[2] The Clerk of Court is respectfully directed to terminate the motion pending at docket number 14 and to close this case.

---

[2] In the Petition, AEA requests reasonable attorneys' fees and costs incurred in this proceeding. Petition at 9. However, AEA does not request fees and costs in its motion for summary judgment, *see* Mot. at 14, and has not submitted documents supporting its application for fees and costs. Accordingly, the Court does not award fees and costs.

7

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 5, 2023
      New York, New York